**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TALES.COM, INC.,

     PLAINTIFF,

V.

THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A,

     DEFENDANT.

CASE NO.: 1:25-CV-02707

## AMENDED COMPLAINT

Plaintiff Tales.com, Inc., ("Tales" or "Plaintiff"), by its undersigned counsel, hereby complains of the Partnerships identified on Schedule A, attached hereto ("Defendant"), and for its Complaint hereby alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 501, *et seq.*

2.      This Court has personal jurisdiction over Defendant, in that Defendant conducts business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit, of which Defendant stands accused, were undertaken in Illinois and within this Judicial District.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since Defendant directly targets consumers in the United States, including Illinois, through the fully interactive, commercial Internet stores operating under the online marketplace accounts identified in Schedule A. Defendant has targeted sales from Illinois residents by operating online stores that offer shipping

2

to Illinois, accept payment in U.S. dollars and, on information and belief, has sold, and continues to sell products that infringe Plaintiff's federally registered copyrights. Defendant commits tortious acts, engages in interstate commerce, and wrongfully causes substantial injury in the State of Illinois.

## INTRODUCTION

4.      This action has been filed to combat the online copyright infringement activity of Defendant, who trades upon Plaintiff's valuable copyrights by selling and/or offering for sale unauthorized, unauthentic, and infringing products in connection with Plaintiff's federally registered Copyrights, as well as to stop and prevent Defendant's selling of unauthorized products that use, are based on, and/or are derived from copyrighted subject matter created by Tales.

5.      Plaintiff Tales.com, Inc. is the owner of various copyright registrations—VA0002426728, VA0002426968, TX0009456834—which are attached hereto as **Exhibit 1** (hereinafter referred to as the "Tales Copyrights").

6.      In an effort to illegally and deceptively profit from the Tales Copyrights, Defendant created at least two online marketplace accounts (referred to as "Defendant's Internet Stores" or "Seller Aliases"), intentionally designed in look, feeling, and suggestion to give the impression to consumers that they are legitimate websites selling products manufactured by or authorized by Tales, with Defendant's ultimate intention being to deceive unknowing consumers into purchasing unauthorized and infringing Tales Products (hereinafter referred to as "Infringing Tales Products" or "Infringing Products").

7.      Plaintiff is forced to file this action to combat Defendant's ongoing infringement of Plaintiff's Tales Copyrights (collectively referred to as "Tales Intellectual Property" or "Tales IP"). Plaintiff has been and continues to be irreparably damaged through loss of control over the creative

3

content of its valuable Copyrights as well as exclusivity over the Tales IP, among others, as a result of Defendant's actions and is thus seeking injunctive and monetary relief.

## THE PLAINTIFF

8.      Tales.com, Inc. was founded in 2017 with a mission to help families capture and preserve their most cherished memories and stories for future generations. Initially, the company began by creating beautifully illustrated children's books that told the stories of families' ancestors, connecting younger generations with their heritage in a unique and engaging way.

9.      Building on this foundation, Tales launched the Life Story Interview Kit in 2023. Designed to bring the magic of storytelling into the hands of every family, the kit includes 150 unique question cards, step-by-step instructions for conducting interviews, and expert tips for recording the conversation (the "Tales Products"). The Tales Products provide an effortless and fun way to spark deep conversations, create memory books, and give thoughtful gifts to parents, grandparents, and loved ones.

10.     The Tales Copyrights contain (1) images of the Tales Products which are used on the Tales website and ecommerce stores and for marketing and promotional purposes of the Tales Products; and, (2) text of the questions included in the Tales Products.

11.     Tales is in the business of developing, marketing, and licensing Tales Products, which feature Plaintiff's creative content and copyrighted works. The following are examples of genuine Tales Products:



12. Tales has expended significant time and other resources in developing, advertising, and otherwise promoting the Tales Copyrights and Tales Products, including $2.5MM in direct advertisement and promotion over the past 18 months.

13. Given that Tales Products have incredibly high ratings on Amazon, have been featured in GQ Magazine, Robb Report, and on Good Morning America, the Tales Products have gained widespread recognition and success.

14. As a result of the efforts of Tales, the promotional efforts for its products and designs, press and media coverage, and widespread marketing, members of the public have become familiar with the Tales Products and the Tales Copyrights, and associate them exclusively with Plaintiff.

15. Tales has made efforts to protect its interests in and to the Tales Intellectual Property. Tales and its licensees are the only businesses and/or individuals authorized to reproduce, distribute, display, or prepare derivatives of the Tales Copyrights. Plaintiff has not licensed or otherwise

5

authorized Defendant to reproduce, distribute, display, or prepare derivatives of the Tales Copyrights. Tales and its licensees are the only businesses and/or individuals authorized to manufacture, import, export, advertise, offer for sale, or sell any goods in connection with the Tales Copyrights, including the Tales Products. Plaintiff has not licensed or otherwise authorized Defendant to manufacture, import, export, advertise, offer for sale, or sell any goods in connection with the Tales Copyrights, including the Tales Products.

## DEFENDANT

16. Defendant is a business entity who operates at least two Defendant Internet Stores, and resides in the People's Republic of China. Defendant conducts business throughout the United States, including Illinois, and within this Judicial District, through the operation of fully interactive, online marketplace accounts which have offered to sell and, on information and belief, have sold and continue to sell Infringing Tales Products to consumers within the United States, Illinois, and this Judicial District.

## DEFENDANT'S UNLAWFUL CONDUCT

17. The success of the Tales Products has resulted in significant counterfeiting and intentional copying. Plaintiff has identified numerous counterfeiters of the Tales Copyrights linked to fully interactive websites and marketplace listings on platforms which include, but are not limited to those operated on the following marketplaces: Alibaba.com ("Alibaba"), AliExpress, Inc. ("AliExpress"), Amazon, Inc. ("Amazon"), eBay, Inc. ("eBay"), Shein.com ("Shein"), WhaleCo, Inc. d/b/a Temu.com ("Temu"), Walmart.com ("Walmart"), ContextLogic d/b/a Wish.com ("Wish"), and Shopify Inc. ("Shopify"), among others (collectively referred to herein as "Online Marketplaces"). These online counterfeiters include the Defendant Internet Stores on AliExpress which are offering for sale,

6

selling, and importing Infringing Tales Products to consumers in this Judicial District and throughout the United States.

18.     Internet websites like the Defendant's Internet Stores are estimated to receive tens of millions of visits per year and to generate over $509 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by Homeland Security and the U.S. Customs and Border Protection, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in the fiscal year 2020 was over $1.3 billion.[1] Internet websites like the Defendant's Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year. *Id.*

19.     As recently addressed in the *New York Times* and by the U.S. Dept. of Homeland Security, and as reflected in the increase of federal lawsuits filed against sellers offering for sale and selling infringing and/or counterfeit products on the above-mentioned digital marketplaces, an astronomical number of counterfeit and infringing products are offered for sale and sold on these digital marketplaces at a rampant rate.[2]

20.     Upon information and belief, Defendant facilitates sales by designing its Internet stores and product listings to appear to unknowing consumers as authorized online retailers, outlet stores, or wholesalers selling genuine Tales Products, through the use of Tales Intellectual Property.

---

[1] *See* "Intellectual Property Rights Fiscal Year 2020 Seizure Statistics," U.S. CUSTOMS AND BORDER PROTECTION. CBP Publication No. 1542-092 (September 21, 2021).

[2] *See* Ganda Suthivarakom, *Welcome to the Era of Fake Products*, N.Y. TIMES (Feb. 11, 2020), nytimes.com/wirecutter/blog/amazon-counterfeit-fake-products/. *See also Combating Trafficking in Counterfeit and Pirated Goods*, U.S. DEPT. OF HOMELAND SECURITY (Jan. 24, 2020), available at dhs.gov/sites/default/files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf.

21.     Upon information and belief, Defendant monitors intellectual property infringement litigation alert websites in an attempt to avoid liability and intellectual property enforcement efforts.[3]

22.     Upon information and belief, Defendant regularly creates new websites and online marketplace accounts on various platforms using the store names listed on Schedule A to the Complaint, as well as other unknown fictitious names and addresses, in order to expand its counterfeiting efforts of the Tales Copyrights.

23.     Further, upon information and belief, Defendant operates multiple payment processor and merchant accounts, including but not limited to, one or more financial accounts operated through platforms such as, PayPal, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), Stripe, Inc. ("Stripe"), and Alipay US, Inc. ("Alipay") (collectively referred to herein as "Payment Processors"), and hides behind layers of payment gateways so that it can continue operation in spite of any enforcement efforts. Additionally, and upon information and belief, and as financial transaction logs in previous similar cases have shown, Defendant maintains offshore bank accounts and regularly move funds from their Payment Processor accounts to said offshore bank accounts, outside the jurisdiction of this Court.

24.     Defendant, without any authorization or license, has knowingly and willfully infringed the Tales Copyrights in connection with the advertisement, distribution, offering for sale, and sale of illegal, and infringing products into the United States and Illinois. Defendant's Internet Store offers to ship to the United States, including Illinois, and, on information and belief, Defendant has offered to sell, or has already sold, Infringing Products therein.

---

[3] For this reason, Plaintiff is concurrently filing a Motion for Leave to File Certain Documents under Seal and Temporarily Proceed under Pseudonym.

25. In committing these acts, Defendant has, among other things, willfully and in bad faith, committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: infringed upon the Tales Copyrights by reproducing, distributing, and/or publicly displaying the Tales Copyrights without the authorization of Tales; created, manufactured, sold, offered to sell, and/or imported Infringing Products and/or products which infringe upon the Tales Intellectual Property (namely, as derivatives of the Tales Copyrights); and unfairly and unjustly profited from such activities at the expenses of Tales.

26. Plaintiff does not yet know the full extent and identity of the channels through which Defendant infringed the Tales Copyrights and source and sell the Infringing Products. Defendant directed, supervised, and/or controlled activity infringing on Plaintiff's Copyrights and the sale of Infringing Products. Defendant has a direct financial interest in, and gain a direct financial benefit from, infringing activity and realize profits from the sale of Infringing Products. There is a causal relationship between the infringing activity and the financial benefit reaped by Defendant.

27. Unless enjoined, Defendant will continue to cause irreparable harm to Tales.

**COUNT I**
**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))**

28. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

29. The Tales Copyrights are the subject of multiple valid copyright registrations.

30. Plaintiff, at all relevant times, has been the holder of the copyright registrations and the exclusive rights of and belonging to Tales.com, Inc., including but not limited to the Tales Copyrights and derivative works. These copyrights have significant value and have been produced and created at considerable expense.

9

31. Upon information and belief, Defendant had access to the copyrighted work through Plaintiff's normal business activities. After accessing Plaintiff's work, Defendant wrongfully created reproductions of the copyrighted work without Plaintiff's consent, and engaged in, and continues to engage in acts of widespread infringement.

32. Defendant also infringed the Tales Copyrights by distributing the reproduced copyrighted work among each other and/or publicly displaying the Tales Copyrights without the authorization of Plaintiff.

33. Defendant further infringed the Tales Copyrights by making, or causing to be made, derivative works by producing and distributing unauthorized reproductions of the Tales Copyrights, without permission of Tales in the form of the Infringing Products.

34. Defendant, without the permission or consent of Plaintiff, has sold, and continues to sell, online infringing derivative works of Plaintiff's Copyrights. Defendant has violated Plaintiff's exclusive rights of reproduction, distribution, public display, and the ability to make derivatives. Defendant's actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §106 *et seq*.).

35. Further, as a direct result of Defendant's acts of copyright infringement, Defendant has obtained profits they would not have otherwise realized but for their infringement of Plaintiff's Copyrights. Tales is entitled to disgorgement of Defendant's profits, directly and indirectly, attributable to said infringement.

36. As a result of Defendant's infringement of Plaintiff's exclusive rights under U.S. Copyright Law, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504.

37. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated

10

or measured monetarily. Plaintiff has no adequate remedy at law. As such, pursuant to 17 U.S.C. §§502, 503, and 504, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's Copyrights, ordering that Defendant destroy all unauthorized and/or infringing copies and reproductions of Plaintiff's copyrighted works, and disgorging Defendant's profits from selling infringing products that are derivatives of Plaintiff's copyrighted works.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the Tales Copyrights or any reproductions, copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Tales Product, or is not authorized by Plaintiff to be sold in connection with the Tales Copyrights;

    b. passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Tales Copyrights;

    c. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which bear the Tales Copyrights, or which are derived from the Tales Copyrights;

    d. further infringing the Tales Copyrights and damaging Plaintiff's goodwill;

11

e.  using, linking to, transferring, selling, exercising control over the Defendant's Internet Stores, Defendant product listings, or any other domain name or online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which bear the Tales Copyrights or which are derived from Plaintiff's Tales Copyrights;

f.  operating and/or hosting websites at the Defendant's Internet Stores, and any other domain names registered to or operated by Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of products or inventory not authorized by Plaintiff which bear the Tales Copyrights, or which are derived from Plaintiff's Tales Copyrights;

2)  Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including any Online Marketplaces and Payment Processors, and any related entities, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant's Internet Stores, and domain name registrars, shall:

a.  disable and cease providing services for any accounts through which Defendant engages in the sale of products not authorized by Plaintiff in connection with the unauthorized use of the Tales Copyrights, including any accounts associated with Defendant listed on Schedule A;

b.  disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of products not authorized by Plaintiff which bears the Tales Copyrights, or which are derived from the Tales Copyrights; and,

    c.   take all steps necessary to prevent links to the Defendant's Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant's Internet Stores from any search index.

3) That Defendant accounts for, and pay to, Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged;

4) For Judgment in favor of Plaintiff against Defendant that it has: a) willfully infringed Plaintiff's rights in its federally registered Copyrights pursuant to 17 U.S.C. §501 *et. seq.*; and, b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint;

5) That Plaintiff be awarded actual damages, statutory damages, and/or other available damages pursuant to 17 U.S.C. §504, at the election of Plaintiff;

6) That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

7) Any and all other relief that this Court deems just and proper.

Dated: March 20, 2025          Respectfully submitted,

*/s/ John J. Mariane*
Ann Marie Sullivan
Alison K. Carter
Gouthami V. Tufts
John J. Mariane

**SULLIVAN & CARTER, LLP**
111 W. Jackson Blvd. Ste 1700
Chicago, Illinois 60604
www.scip.law
929-724-7529
j.mariane@scip.law

***ATTORNEYS FOR PLAINTIFF***

13